Court's Copy

In the United States District Court

For the Eastern District of Wisconsin

Kirk Szopinski,
Plaintiff

Case No. 18-C-0437

Jeremy L. Stanier, Lieutenant,
John W. Koontz, Correctional Sergeant,
Muhlenberg, Correctional Officer,
Gottschalk, Correctional Officer,
Strunz, Correctional Officer,
Gwendolyn A. Vick, Registered Nurse,
Defendants.

## 42 U.S.C. Section 1983 Complaint

I. Parties:    A. Plaintiff: Kirk Szopinski 123159

Place of present confinement: Waupun Corr. Inst.
P O Box - 351
Waupun, WI 53963

SSN 3578

II. B. Defendants:    Jeremy L. Stanier
Lieutenant
Waupun Corr. Inst.
200 S. Madison St.
Waupun, WI 53963

C.    John W. Koontz
Correctional Sergeant
Waupun Corr. Inst
200 S. Madison St.
Waupun, WI 53963

D. Muhlenberg
Correctional officer
Waupun Corr. Inst.
200 S. Madison St.
Waupun, WI 53963

E. ~~Both~~ Gottschalk,
Correctional officer
Waupun Corr. Inst.
200 S. Madison St.
Waupun, WI 53963

F. Strunz
Correctional officer
Waupun Corr. Inst.
200 S. Madison St.
Waupun, WI 53963

G. Gwendolyn A. Vick
Registered Nurse
Waupun Corr. Inst.
200 S. Madison St.
Waupun, WI 53963

Statement of Claims

1. on 1·6·18 at approxamately 1:00 AM Koontz and Vick were at cell A-207 to treat inmate Jermaine Lockhart.

2. on 1·6·18 at approxamately 1:00 am Koontz and Vick were leaving from cell A-207 and plaintiff, housed in cell A-208 yelled out of his cell to

Koontz and Vick that he was going to harm himself and wanted to be placed in observation status. Koontz and Vick kept walking and did not stop or acknowledge plaintiff.

3. On 1·6·18 at approximately 1:05 AM plaintiff activated his emergency call button in his cell and informed Muhlenberg, who answered the emergency call from the control bubble on the intercom, that he was going to harm himself by swallowing his glasses and he wanted to be placed on observation status.

4. On 1·6·18 at approximately 1:05 AM Muhlenberg told plaintiff over the intercom in his cell that he did not care what plaintiff was going to do, he had other things to do.

5. On 1·6·18 at approximately 1:20 AM plaintiff broke his glasses and swallowed one of the bows.

6. On 1·6·18 at approximately 1:20 AM plaintiff activated his call button and informed Muhlenberg

that he swallowed one of the bows to his glasses and that he was going to cut himself.

7. On 1.6.18 at approxamately 1:25 AM Gottschalk arrived at plaintiffs' cell front A-208, and plaintiff threw the broken pieces of his glasses at the door and told Gottschalk that he wanted to go on observation status and that he was going to swallow the other pieces to the glasses. Gottschalk walked away from plaintiffs' cell.

8. On 1.6.18 at approxamately 1:25 AM Gottschalk left plaintiffs cell front. Plaintiff swallowed the second bow to his glasses.

9. On 1.6.18 at approxamately 1:28 AM Gottschalk came to plaintiffs' cell a second time and plaintiff informed Gottschalk he swallowed the second bow to his glasses. Gottschalk left plaintiffs' cell front again.

10. On 1.6.18 at approxamately 1:30 AM Staniec, Koontz and Gottschalk arrived at plaintiffs' cell front.

11. On 1.6.18 at approxamately 1:30 AM plaintiff informed Staniec that he pressed his emergency call button at approxamately 1:05 AM and told Muhlenberg that he was going to harm himself and wanted to be placed on observation status. Staniec told plaintiff that staff came to his cell because he saw it on camera. Plaintiff to quit lying staff did not immedrately come to his cell.

12. On 1.6.18 at approxamately 1:35 AM plaintiff was placed in a strip cell in the seg area.

13. On 1.6.18 at approxamately 1:35 AM plaintiff told Staniec that when he pressed his call button Muhlenberg did nothing after be plaintiff informed him he planned to hurt himself. Staniec told plaintiff, in the presence of C.O. Whitten, that Muhlenberg did infact inform him that plaintiff

said he was going to harm himself and it was not Muhlenberg's fault, it was his fault because he sent staff to the wrong cell.

14. On 1·6·18 at approxamately 1:40 AM Plaintiff was placed in observation status. Health Service unit nurse Vick was informed and no medical exam was done.

15. On 1·6·18 at approxamately 3:00 AM Vick came to medically asses after he coughed up blood. Vick did not look at plaintiffs throat. Vick informed Plaintiff if he vomited or coughed blood to let staff know immediately.

16. On 1·6·18 at approxamately 1:45 pm plaintiff vomited blood and activated his emergency call button. Plaintiff informed Strunz that he vomited blood and needed to see HSU because he swallowed his glasses that night. Strunz hung up the intercom and did not inform HSU.

17. As of 3.4.18 plaintiff is still awaiting a surgical procedure to remove the ingested parts of his glasses from his abdomen.

18. Plaintiff has exhausted all of his available administrative remedies, including filing a Notice of Claim pursuant to Wisconsin State Statutes.

## Claims For Relief

19. Incorporating paragraphs II.B. and 1-18, defendant Staniec, subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

20. Incorporating paragraphs II.B. and 1-18, Staniec acted with deliberate indifference to plaintiff's serious medical needs.

21. Incorporating paragraphs II.B. and 1-18, Staniec caused plaintiff long-term pain and suffering.

22. Incorporating paragraphs II.C. and 1-18 defendant Koontz. Subjected plaintiff to cruel and unusual punishment in violation of the Eighth

Amendment to the United States Constitution.

23. Incorporating paragraphs II.C. and 1-18 Koontz acted with deliberate indifference to plaintiffs' serious medical needs.

24. Incorporating paragraphs II. C. and 1-18 Koontz caused plaintiff long-term pain and suffering.

25. Incorporating paragraphs II.D. and 1-18 defendant Muhlenberg subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

26. Incorporating paragraphs II.D. and 1-18 Muhlenberg acted with deliberate indifference to plaintiffs' serious medical needs.

27. Incorporating paragraphs II.D. and 1-18 Muhlenberg caused plaintiff long-term pain and suffering.

28. Incorporating paragraphs II.E. and 1-18 defendant Gottschalk subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment

to the United States Constitution.

29. Incorporating paragraphs II-E. and 1-18 Gottschalk acted with deliberate indifference to plaintiffs' serious medical needs.

30. Incorporating paragraphs II-E. and 1-18 Gottschalk caused plaintiff long-term pain and suffering.

31. Incorporating paragraphs II-F. and 1-18 defendant Strunz subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

32. Incorporating paragraphs II-F. and 1-18 Strunz acted with deliberate indifference to plaintiffs' serious medical needs.

33. Incorporating paragraphs II-F. and 1-18 Strunz caused plaintiff long-term pain and suffering.

34. Incorporating paragraphs II-G. and 1-18 defendant Vick subjected plaintiff to cruel and unusual punishment in violation of the Eighth

Amendment to the United States Constitution.

35. Incorporating paragraphs II, 6, and 1-18 Vick acted with deliberate indifference to plaintiff's serious medical needs.

36. Incorporating paragraphs II, 6, and 1-18 Vick caused plaintiff long-term pain and suffering.

## Relief Requested

37. Plaintiff seeks one million dollars in compensatory damages from each defendant.

38. Plaintiff seeks one million dollars in punitive damages from each defendant.

39. All reasonable costs incurred in this case including attorneys fees.

40. Any other relief this court deems appropriate.

Plaintiff demands a trial by jury. Plaintiff also wishes to invoke this Courts pendant jurisdiction.

All defendants at all times acted under the color of state law.

Respectfully Submitted this 4th day of
March 2018.

Kirk Szopinski 123159
Waupun Corr. Inst
POBox-351
Waupun, WI 53963